Jesus Alberto DELGADO, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 05–76815.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Jesus Alberto Delgado, Chula Vista, CA, pro se.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., Barry J. Pettinato, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Jesus Alberto Delgado, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision finding Delgado inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered without inspection and ordering him removed. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

We review factual findings for substantial evidence. *See Aruta v. INS,* 80 F.3d 1389, 1393 (9th Cir.1996). The IJ properly sustained the charge against Delgado by relying on the record of deportable/inadmissible alien ("I-213"). *See Espinoza v.*

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*INS,* 45 F.3d 308, 310 (9th Cir.1995) (holding the government met its burden of proving removability where it submitted an authenticated, reliable I-213, in which the individual conceded alienage). Delgado failed to present evidence that the I-213 is unreliable, or independently establish his entry was by means of lawful admission. *See id.; see also* 8 U.S.C. § 1361 (an individual in removal proceedings has the burden to show "the time, place, and manner of his entry into the United States").

We lack jurisdiction to review Delgado's remaining contentions because he failed to raise them before the BIA and thereby did not exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**